IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COPPER INNOVATIONS GROUP, LLC**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:07cv1752<br>Electronic Filing |
| **NINTENDO CO., LTD.**, **NINTENDO OF AMERICA INC.**, **SONY CORPORATION**, **SONY COMPUTER ENTERTAINMENT, INC.**, and **SONY COMPUTER ENTERTAINMENT AMERICA, INC.**, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

AND NOW, this 27th day of February, 2012, upon due consideration of defendants' motion to strike plaintiff's second supplemental infringement contentions and the parties' submissions in conjunction therewith, IT IS ORDERED that [96] the motion be, and the same hereby is, granted. Plaintiff's June 2011 Second Supplemental Disclosure of Asserted Claims and Infringement Contentions is stricken.

Permitting plaintiff to proceed on its second supplemental infringement contentions would conflict with the policies underlying the Local Patent Rules. On December 27, 2007, Copper Innovations Group, LLC. ("plaintiff"), commenced this action asserting 6 claims of literal infringement on its U.S. Patent No. 5,640,152 based upon Nintendo's Wii Console, Wii Remote Controller, and in combination with a Wii Remote, the Wii Nunchuk Controller, Wii Classic Controller, Wii Wheel, and Wii Zapper. Plaintiff's Disclosure of Asserted Claims and

Infringement Contentions (Doc. No. 97-1) at 1. Plaintiff served its infringement contentions on July 31, 2008, and supplemented them in September of 2008. Plaintiff contended that the Wii Remotes were "transmitters" and the Wii Console was the "equipment". *See* Plaintiff's Disclosure of Asserted Claims (Doc. No. 97-1) and Plaintiff's First Supplemental Disclosure of Asserted Claims (Doc. No. 97-2). Defendants filed non-infringement and invalidity contentions on October 3, 2008, challenging plaintiff's literal infringement claims in 23 separate instances. *See* Nintendo Defendants' Non-infringement and Invalidity Contentions (Doc. No. 97-5) at A-1 – A-15.

On February 2, 2009, a *Markman* hearing was held and on October 6, 2009, Magistrate Judge Hay filed a 59 page report and recommendation on claim construction. *See* Report and Recommendation (Doc. No. 82). Each party filed objections and responses to the other party's objections. *See* Doc. No.s 83, 85, 86 and 87. After substantial consideration, the court issued a Memorandum Order on May 11, 2011, augmenting the magistrate judge's recommended claims construction. *See* Memorandum Order of May 11, 2011 (Doc. No. 90) and Order of May 11, 2011 (Doc. No. 91). A status conference was then scheduled for June 7, 2011. *See* Order of May 16, 2011 (Doc. No. 92).

Plaintiff supplemented its infringement contentions for a second time on June 24, 2011. Therein it asserts the doctrine of equivalents and a new chart contending that the Wii Console is now the "transmitter" and the Wii Remotes are now the "equipment". *See* Plaintiff's Second Supplemental Disclosure of Asserted Claims and Infringement Contentions (Doc. No. 97-3) at 2 & Exhibit B. Defendants immediately filed the instant motion to strike.

Defendants contend that plaintiff's second supplement properly can be stricken because it is untimely, without good cause and seeks to avoid the effect of the rulings on claims

2

construction. Given the amount of resources and time that has gone into the litigation visa-visa the claims construction and fact discovery, defendants maintain that to permit plaintiff's to advance its new contentions at this juncture would require them "to expend a king's ransom in assessing the new [infringement contentions], reformulating [their] defense strategy and participating in reopened fact discovery." Defendants' Brief in Support (Doc. No. 97) at 7 (quoting *Raytheon Co. v. Indigo Systems Corp.*, 2008 WL 5378047, *1 (E.D. Tex. Dec. 23, 2008).

Plaintiff contends that the conservative standards applied by other district courts are not binding on this court. Instead, under our more enlightened rules plaintiff should be permitted to supplement because the new contentions were timely made without delay and the Rules permit amending infringement contentions after a ruling on claims construction. Plaintiff's Brief in Opposition (Doc. No. 98) at 1.

The ability to amend infringement contentions under Local Patent Rule 3.7 is committed to the court's discretion. Local Patent Rule 3.7 permits an amendment if made in "a timely fashion and asserted in good faith and without purpose of delay." L.P.R. 3.7. Under the Rule a court's ruling on claims construction may support an amendment. *Id.* Consideration of any such proposed amendment must balance the asserted need for the amendment with the purposes and philosophy embodied in the Local Patent Rules.

Local patent rules seek to advance the orderly progression of patent litigation by requiring the parties "to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115, *2 (N.D. Cal. Nov. 5, 1998). They are designed to advance the litigation in a timely and efficient manner and make it less expensive. *Raytheon Co.*, 2008 WL 5378047 at *1.

3

In doing so they reflect a more conservative approach than the rules that govern the amendment of pleadings generally and aim to prevent the "'vexatious shuffling of positions' that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action." *Berger v. Rossignol Ski Co., Inc.*, 2006 WL 1095914, *7 (N.D. Cal. April 25, 2006) (quoting *JSR Corp. v. Tokyo Ohka Kogya Co.*, 2001 U.S. Dist. LEXIS 24959, *18 (N.D. Cal. Sep. 13, 2001)).

Plaintiff's second supplement conflicts with the core policies underlying the development of infringement contentions. The claims construction ruling narrowed plaintiff's construction of the term "identification number" by construing it to mean "hardware encoded." Memorandum Order of May 11, 2011 (Doc. No. 90) at 1-2. Plaintiff's supplement now advances the doctrine of equivalents as to the term "identification number" to expand its meaning to that "which is either identical to or equivalent of a 'unique hardware encoded number that identifies a special transmitter.'" Plaintiff's Second Supplemental Disclosure (Doc. No. 97-3) at 2. Such a reading seeks to stand the claims construction ruling on its head. Permitting such a wholesale change after an unfavorable claims construction ruling without further justification would render the "contentions requirement...virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *02 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d. 1355, 1366 (Fed. Cir. 2006).

Furthermore, plaintiff reserved the right to raise the doctrine of equivalents to the extent the literal infringement of any of the elements was challenged. *See* Plaintiff's Disclosure of Asserted Claims (Doc. No. 97-1) and Plaintiff's First Supplemental Disclosure of Asserted Claims (Doc. No. 97-2). Defendants challenged plaintiff's literal infringement contentions in 23 different instances on October 3, 2009. *See* Nintendo Defendants' Non-infringement and

4

Invalidity Contentions (Doc. No. 97-5) at A-1 – A-15. Plaintiff did not raise the doctrine of equivalents until the unfavorable claims construction rulings were entered on May 11, 2011. Plaintiff was aware of the challenges and failed to advance its alternative position for years. Substantial resources were expended in an effort to shape and define the litigation in the interim. Given these circumstances the time for asserting the alternative position had long passed.

The supplement also seeks to shift the infringement theories by changing the Wii Console to the "transmitter" and the Wii Remote to the "equipment". From December 27, 2007, until May 11, 2011, plaintiff asserted that the Wii Console was the "equipment" and the Wii Remotes were the "transmitters". *See* Plaintiff's Disclosure of Asserted Claims (Doc. No. 97-1) and Plaintiff's First Supplemental Disclosure of Asserted Claims (Doc. No. 97-2); Plaintiff's Brief in Support of Claims Construction (Doc. No. 73) at 4. The second supplement now asserts the complete opposite theory of infringement with no explanation for doing so beyond the court's unfavorable claims construction ruling. Permitting plaintiff to shift its infringement theories in such a manner would subject defendants to a "king's ransom."

Plaintiff's attempt to read the Local Patent Rules as authorizing the supplementation of infringement contentions after claims construction without consideration of the policies underlying the Rules is misplaced. The liberalization of local patent rules was not intended to displace the very purposes for having such rules.

In *Atmel,* the court did not permit amending infringement contentions after a ruling on claims construction under an older set of local patent rules. *Atmel Corp.*, 1998 WL 775115 at *3. After *Atmel*, the Northern District of California revised its local patent rules to permit amending infringement contentions following a ruling on claims construction. *Berger v. Rossignol Ski Co. Inc.*, 2006 U.S. Dist. LEXIS 23085, *8 (N. D. Cal. April 25, 2006).

5

Notwithstanding the change, the court in *LG Electronics Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360 (N.D. Cal. 2010), stated: "[a]lthough the Patent Local Rules have since been amended to make it somewhat easier to amend claim charts, the general philosophy behind the Patent Local Rules remains as stated in *Atmel*." *Id.* at 367.[1] Therefore, even though the Local Patent Rules now more freely permit amendment based on a claims construction ruling, any consideration of such a proposed amendment must balance the asserted need for the amendment with the purposes and philosophy embodied in the Local Patent Rules.

The Local Patent Rules were designed to promote the orderly progression of litigation and prevent the shifting of positions late in litigation. Although Local Patent Rule 3.7 states that the court's claim construction may support an amendment to the infringement contentions, the policies underlying the Rules have not been jettisoned. Those purposes and philosophies would not be advanced by permitting plaintiff to proceed on its second supplement. Consequently, defendants' motion to strike properly has been granted.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Raymond P. Niro, Esquire
Patrick F. Solon, Esquire
Timothy J. Haller, Esquire
Douglas M. Hall, Esquire
Gene A. Tabachnick, Esquire
Kirstein R. Rydstrom, Esquire
Robert W. Faris, Esquire
Anna B. Folger, Esquire

(*Via CM/ECF Electronic Mail*)

---

[1] Of course, the Local Patent Rules are not intended to be a "'straitjacket into which litigants are locked from the moment their contentions are served,' but instead, 'a modest degree of flexibility [exists], at least near the outset.'" *TFH Publications, Inc. Dosckocil Manufacturing Company, Inc.*, 705 F.Supp.2d 361, 366 (N.D. Cal. 2002) (quoting *Comcast Cable Communations Corp. v. Finisar Corp.*, 2007 U.S. Dist. LEXIS 98476, *2 (N.D. Cal. March 2, 2007)).